IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01054-CMA-BNB

LYNDA S. HICKEY,

Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the defendant's **Motion to Dismiss** [Doc. #22, filed 07/15/2013] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

The plaintiff is proceeding *pro se* in this action.  Therefore, I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed her Title VII Complaint on May 3, 2013 [Doc. #7] (the "Complaint").  The defendant argues that the Complaint should be dismissed because it fails to provide the defendant with fair notice of the claims against him as required by Rule 8, Fed.R.Civ.P.  Specifically, the defendant states that although it appears that the plaintiff is attempting to assert a disability discrimination claim pursuant to the Rehabilitation Act and a breach of contract claim, the plaintiff references the exhibits attached to the Complaint instead of making factual

allegations within the Complaint.  *Motion*, pp. 1-2.

Rule 8 requires that a complaint contain "(1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the

pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).

"[T]he only permissible pleading is a short and plain statement of the claim showing that the

pleader is entitled to relief on any legally sustainable grounds."  Blazer v. Black, 196 F.2d 139,

144 (10th Cir. 1952).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice

of what the claims against them are and the grounds upon which they rest."  TV

Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd,

964 F.2d 1022 (10th Cir. 1992).

Here, the plaintiff states that she is asserting jurisdiction under the Americans with

Disabilities Act ("ADA") and the Rehabilitation Act.  *Complaint*, p. 2, ¶ 6.  She further states

that she is asserting a breach of contract claim and claims for disability discrimination,

retaliation, and hostile work environment.  Id. at ¶¶ 9-10; p. 3.  She refers to the Complaint's

attachments for supporting facts.  Id. at p. 3.

Written documents attached to a complaint are exhibits and are considered part of the

complaint for consideration in a Rule 12(b)(6) dismissal.  Hall v. Bellmon, 935 F.2d 1106, 1112

(10th Cir. 1991).  The plaintiff specifically refers to EEO Case No. 4E-800-0108-12 (EEOC Case

No. 501-2013-00034X[1]).  *Complaint*, p. 3.  The Final Agency Decision issued by the Postal

Service in Agency Case No. 4E-800-0108-12 is attached to the Complaint.  *Final Agency*

---

[1]The plaintiff refers to EEOC Case No. 5**4**1-2013-00034X, but her exhibits show that the
case number is 5**0**1-2013-00034X.  *Final Agency Decision* [Doc. #7-2, ECF p. 8].

*Decision* [Doc. #7-2, ECF p. 8].  The Final Agency Decision details the plaintiff's allegations

regarding the discrimination claims that were raised in the administrative proceedings.  In

addition, the plaintiff describes her breach of contract claim under her Request for Relief,

*Complaint*, p. 4, and she provides numerous exhibits that relate to the claim.

Construing the Complaint liberally (including the attachments to the Complaint), as I

must, I find that the plaintiff has alleged sufficient facts to survive a Rule 8 challenge.  The

Motion should be denied insofar as it seeks dismissal of the Complaint for failure to comply with

Rule 8.

The defendant also seeks dismissal of the plaintiff's discrimination claim insofar as it is

brought under the ADA.  Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides a

federal employee's exclusive remedy for disability discrimination.  Williams v. Widnall, 79 F.3d

1003, 1005 (10th Cir. 1996); 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from the

definition of "employer" under the ADA); Massari v. Potter, No. Civ.A. 04-CV-02306EW, 2006

WL 318658, at *12 (D.Colo. Feb. 9, 2006) ("Plaintiff has no remedy for employment

discrimination under the ADA because he was an employee of the USPS which is not an

'employer' under the express terms of the ADA").  See also Johnson v. United States Postal

Serv., 861 F.2d 1475, 1477 (10th Cir. 1988); Coleman v. Darden, 595 F.2d 533, 538 (10th Cir.

1979).  The Motion should be granted to the extent it seeks dismissal of any claim asserted under

the ADA.

Finally, the defendant asserts that the plaintiff's breach of contract claim must be

dismissed to the extent it seeks more than $10,000.00 because the Court of Federal Claims has

exclusive jurisdiction over contract claims in excess of $10,000.00.  It is unclear from the

allegations of the Complaint the exact amount sought by the plaintiff on her breach of contract claim, but it appears unlikely to equal or exceed $10,000.00.  The defendant may develop this issue through discovery.

I respectfully RECOMMEND that the Motion to Dismiss [Doc. #22] be GRANTED insofar as it seeks dismissal of the plaintiff's ADA claim and DENIED in all other respects.[2]

Dated November 4, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).