IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01054-CMA-BNB

LYNDA S. HICKEY,

    Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General,

    Defendant.

---

ORDER ADOPTING IN PART AND REJECTING IN PART NOVEMBER 4, 2013
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the November 4, 2013 Recommendation by United States Magistrate Judge Boyd N. Boland that Defendant's Motion to Dismiss (Doc. # 22) be granted in part and denied in part. (Doc. # 36.) The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

On November 4, 2013, Plaintiff Lynda Hickey, who is proceeding *pro se*, filed an objection to the Recommendation, (Doc. # 36.)[1] followed on November 18, 2013, by a partial objection filed by Defendant Patrick Donahoe. (Dkt. # 42.) For the reasons stated below, this Court adopts in part but rejects in part the Recommendation of the Magistrate Judge and dismisses this complaint in its entirety. If Plaintiff wishes to continue pursuing this action, she is instructed to file an amended complaint by no later

---

[1] The filing is referred to as a "response" but upon review, the Court construes it as an objection. See *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

than December 30, 2013, in which she sets out clearly the claims she wishes to bring against Defendant.

## I. ANALYSIS

### A. FAILURE TO STATE A CLAIM

Defendant principally argued in his motion that the complaint should be dismissed for failure to state a claim upon which relief can be granted.  The standard of review for this motion is covered in part by Federal Rule of Civil Procedure 8(a)(2).  This rule dictates that a pleading shall include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  The basic point of the rule is to put the parties and the Court on notice as to the nature of the plaintiff's claim.  Further, for defendants, this requirement alerts them to the manner in which they should prepare their defense.  *Cf. Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Even plaintiffs proceeding *pro se* are required to comply with the "plain statement" rule.  While this Court can liberally construe a complaint filed by a pro se party, it may also dismiss a pro se complaint when, even liberally construed, it is incomprehensible or presents claims in a disjointed manner.  *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir.1996); *see also Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Moser v. Oklahoma*, 118 F. App'x 378, 380-81(10th Cir. 2004) (affirming dismissal

under Rule 8(a) where the complaint was vague and incomprehensible to the point that the defendants could not discern the claims or prepare a defense); *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (same).

Here, the complaint potentially raises claims under Title VII, the Americans with Disability Act (ADA),[2] and the Rehabilitation Act. In particular, the complaint potentially alleges, among other claims, a number relating to disability discrimination and hostile work environment based on a hearing impairment, retaliation for prior EEOC activity, and breach of contract. (Dkt. # 7)

There are two problems with the current complaint. First, it is difficult to determine the specific legal claims that Plaintiff is raising. For example, the claims are neither enumerated nor placed in any sort of logical list where one claim is fully discussed before proceeding to discuss a second (and separate) legal claim. Further, the claims are not explained sufficiently to put the defendant on notice as to how to defend against any of the potential allegations referenced in the complaint.

Second, when filing the complaint, Plaintiff submitted a number of exhibits and other documents, including a substantial amount of correspondence between Plaintiff and civil rights attorneys. Plaintiff references some of these documents in her complaint and appears to rely on the documents that she cross references to substantiate some of the allegations she advances. While the Magistrate Judge correctly noted that such cross-referencing can be appropriate in substantiating the allegations of a complaint,

---

[2] For the reasons discussed below, the Court agrees with the Magistrate Judge that the claims under the ADA are barred.

3

*see Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir.1991), the complaint must still satisfy the strictures of Rule 8.

In its present form, the complaint violates Rule 8's "plain statement" rule.  Simply put, the complaint contains too many cross references and not enough explanation of the basis for relief from this Court to put the defendant on notice of how to present a defense to the suit.

The Plaintiff, however, can file an amended complaint that complies with the requirements of Rule 8.  In preparing this filing, this Court suggests that the plaintiff use language that sets forth clearly each separate claim or violation of the law.  For each separate claim, the Plaintiff should set forth reasoning for why the law has been violated.  For example, Plaintiff might use the following formula, with Plaintiff supplying the necessary laws and reasoning listed below between the brackets:[3]

**Claim 1 – Violation of  __[Insert Law]___**

Plaintiff alleges that Defendant violated ___[Insert Law]____ because he _____[explain reasoning]_____ .

**Claim 2 – Violation of __[Insert Law]___**

The Plaintiff alleges that the Defendant _[committed the following acts]_____ in violation of ____[Insert Law]____ because he ____[explain reasoning]_____ .

---

[3] The Court provides this instruction to aid a pro se litigant.  The Court, however, is mindful that there might be a number of reasons why such claims as alleged could be subject to a renewed motion to dismiss.

If the Plaintiff wishes to, she may submit an amended complaint that complies with Rule 8. To the extent that the amended complaint does not comply with Rule 8, it may be subject to dismissal on a renewed motion by Defendant. Further, to the extent that the Magistrate Judge's Report and Recommendation suggests that the complaint as currently presented is sufficient, that portion of the report is overruled.

### B. ADA CLAIM

The Magistrate Judge also determined that the Plaintiff's claim under the Americans with Disabilities Act (ADA) should be dismissed because the federal government does not fall within the definition of "employer" for purposes of this statute and has not otherwise waived its sovereign immunity. The Plaintiff disagrees with this determination, but the Defendant lodges no such objection.

"When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto. Based on this *de novo* review, the Court concludes that Judge Boland's Recommendation is not called into question by Plaintiff's objection as to this matter. Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 41) is OVERRULED. *See also Brown v.*

5

*Cantrell*, No. 11-CV-00200-PAB-MEH, 2012 WL 4050300 (D. Colo. Sept. 14, 2012) (similarly finding that a federal employee is barred from bringing an ADA claim against the federal government). Plaintiff is therefore instructed that if she wishes to submit an amended complaint, it should not include a claim under the ADA.

## II.  CONCLUSION

For the reasons stated above, it is ORDERED that the Recommendation of United States Magistrate Judge Boland (Doc. # 36) is AFFIRMED and ADOPTED IN PART as an order of this Court. It is FURTHER ORDERED that the Recommendation is REJECTED IN PART and that the Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff is instructed to amend her complaint in light of this order if she wishes to continue with this action. If an amended complaint has not been filed by December 30, 2013, this case will be closed.

DATED: November 29, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge