IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01054-CMA-BNB

LYNDA S. HICKEY,

Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General,

Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises on **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim** [Doc. #56, filed 01/21/2014] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-

TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer,

468 U.S. 183 (1984).

  The standard of review for a motion to dismiss for lack of subject matter jurisdiction

under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions
> the sufficiency of the complaint.  In reviewing a facial attack on
> the complaint, a district court must accept the allegations in the
> complaint as true.
>
> Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter
> jurisdiction depends.  When reviewing a factual attack on subject
> matter jurisdiction, a district court may not presume the
> truthfulness of the complaint's factual allegations.  A court has
> wide discretion to allow affidavits, other documents, and a limited
> evidentiary hearing to resolve disputed jurisdictional facts under
> Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56
> motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to
> dismiss into a Rule 12(b)(6) motion or a Rule 56 summary
> judgment motion when resolution of the jurisdictional question is
> intertwined with the merits of the case.  The jurisdictional question
> is intertwined with the merits of the case if subject matter
> jurisdiction is dependent on the same statute which provides the
> substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff is employed as a United States Postal Service ("USPS") mail carrier.  She has a hearing impairment.  She filed her Amended Complaint for Injunctive and Declaratory Relief on December 11, 2013 [Doc. #51] (the "Amended Complaint").  The Amended Complaint contains the following allegations:

1.  Since 2005, the defendant has repeatedly refused to provide the plaintiff with an interpreter for meetings in violation of the April 7, 2005 mediation agreement (the "Mediation Agreement").  *Amended Complaint*, ¶ 2.

2.  Since 2005, the defendant has repeatedly refused to provide deaf awareness sensitivity training in violation of the Mediation Agreement and the defendant's standards of conduct (the "Standards of Conduct").  Id. at ¶ 3.

3.  Since 2003, the defendant has repeatedly denied the plaintiff "protection from harassment, intimidation, bullying, disability discrimination, threats of violence, [and] vandalism of a personal automobile" in violation of "the Postmaster General's December 2010 Policy on Workplace Harassment" (the "Policy on Workplace Harassment"); the Rehabilitation Act; and the Standards of Conduct.  Id. at ¶ 4.

4.  Since 2003, the defendant has repeatedly attempted to create "an untenable circumstance and situation at work so egregious and uncomfortable that the only recourse open to the Plaintiff is to quit to avoid any further degradation, abuse, intimidation, harassment, disability discrimination, bullying, and ostracization by co-workers or remain employed and endure the abuse establishing a de facto hostile work environment" in violation of the Policy on Workplace Harassment; the Rehabilitation Act; and the Standards of Conduct.  Id. at ¶ 5.

5.   Since April 25, 2003, the defendant has repeatedly denied "payment of substantial amounts of money to the Plaintiff as reimbursement for the negotiated $40.00 per month for providing a personal hearing aid compatible cell phone to meet Defendant's accommodation obligation established by and in violation of the Cell Phone Payment Agreement" of April 25, 2003, and the Standards of Conduct.  Id. at ¶ 6.

6.   Anne Severn, an employee of the defendant, "by intimidating; bullying; discriminating against a recognized disability; using abusive language; refusing the Plaintiff union representation; refusing established accommodations to the Plaintiff's disability," violated the Rehabilitation Act; the Standards of Conduct; the Representative Agreement of April 25, 2003 (the "Representative Agreement"); the Mediation Agreement; and the Policy on Workplace Harassment.  Id. at ¶ 7.

7.   Adam Sena, an employee of the defendant, "by lying; bullying; intimidating; discriminating against a recognized disability; refusing established accommodations to the Plaintiff's disability; refusing to properly respond to and appropriately process a formal written . . . Complaint of harassment . . . and hostile work environment" violated the Rehabilitation Act; the Standards of Conduct; the Representative Agreement; the Mediation Agreement, and the Policy on Workplace Harassment.  Id. at ¶ 8.

The plaintiff brings the following claims: (1) violation of the Rehabilitation Act of 1973; (2) breach of the Mediation Agreement; (3) breach of the Cell Phone Payment Agreement; (4)

breach of the Representative Agreement; and (5) violations of the Standards of Conduct and the

Policy on Workplace Harassment.[1]

The plaintiff requests that Anne Severn and Adam Sena be "terminated immediately"; the

defendant be enjoined from violating the plaintiff's rights; the defendant provide an interpreter

and deaf awareness sensitivity training; and monetary damages.

## III.   ANALYSIS

### A.   Violations of the Standards of Conduct and the Policy on Workplace Harassment

As a preliminary matter, the plaintiffs' claims for violations of USPS standards and

policies do not state a claim upon which relief can be granted.  "Only regulations having the

'force and effect of law' can create a private right of action."  U.S. v. American Production

Industries, Inc. 58 F.3d 404, 407 (9th Cir. 1995) (citing Chrysler Corp. v. Brown, 441 U.S. 281,

295–303 (1979)).  "In contrast, 'rules of agency organization, procedure, or practice'--sometimes

called 'interpretive rules'--do not create enforceable rights."  Id. (citing 5 U.S.C. §§ 553(b)

and(d); Chrysler, 441 U.S. at 315).  The plaintiff's claims for violations of the Standards of

Conduct and the Policy on Workplace Harassment should be dismissed.

### B.   Violations of the Mediation Agreement

The defendant asserts that the court lacks subject matter jurisdiction over the plaintiff's

claims for breach of the Mediation Agreement.  *Motion*, pp. 4-8.  It is a well-established

principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be

---

[1]Any other claims the plaintiff may be attempting to assert are unintelligible and will not
be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he
broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging
sufficient facts on which a recognized legal claim could be based").

sued and the terms of its consent to be sued in any court define the court's jurisdiction to

entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United

States v. Sherwood, 312 U.S. 584, 586 (1941)).  Sovereign immunity is a jurisdictional bar to

suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

"A waiver of sovereign immunity cannot be implied but must be unequivocally

expressed."  United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation

omitted).  The plaintiff bears the burden of establishing waiver to sovereign immunity.  Fostvedt

v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).  A matter must be dismissed "[w]henever

it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

matter."  Fed. R. Civ. P. 12(h)(3).

The defendant states, and the plaintiff does not dispute, that the Mediation Agreement is

the result of an EEO complaint process for USPS employees to resolve a complaint, and it is

attached as pages 9 and 10 of Exhibit Q to the plaintiff's initial Title VII Complaint [Doc. #7]

(the "Initial Complaint").[2]  Motion, p. 5; Amended Complaint, ¶ 1.  Under the terms of the

Mediation Agreement and 29 C.F.R. § 1614.504(a), if a complainant believes that an agency has

failed to comply with the terms of an EEO settlement agreement, the complainant must notify the

EEO office in writing within 30 days.  Specifically:

> Any settlement agreement knowingly and voluntarily agreed to by
> the parties, reached at any stage of the complaint process, shall be
> binding on both parties.  Final action that has not been the subject
> of an appeal or civil action shall be binding on the agency.  If the
> complainant believes that the agency has failed to comply with the

---

[2]The defendants present a factual challenge to subject matter jurisdiction.  Therefore, I have wide discretion to allow affidavits and other documents to resolve the jurisdictional issue. Holt, 46 F.3d at 1003.

terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(a).

Section 1614.504(a) provides the exclusive forum for the plaintiff to address an alleged breach of the Mediation Agreement. Lindstrom v. United States, 510 F.3d 1191, 1194-95 (10th Cir. 2007) ("The EEOC, through 29 C.F.R. § 1614.504(a), has thus limited Mr. Lindstrom to suing on his original discrimination claim and not to enforce his settlement agreement. The district court therefore did not have subject matter jurisdiction to hear his suit . . . .").

The plaintiff has not met her burden to show that the USPS has waived its sovereign immunity with regard to her claims for breach of the Mediation Agreement. Accordingly, the Motion should be granted insofar as it seeks dismissal of the plaintiff's claims for breach of the Mediation Agreement.

### C. Violations of the Cell Phone Payment Agreement

The defendant asserts that the plaintiff's claim for breach of the Cell Phone Payment Agreement" is time-barred by 28 U.S.C. § 2401(a). *Motion*, pp. 8-9. Section 2401(a) provides that "[e]xcept as provided by chapter 71 of title 41[3], every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of

---

[3]Chapter 71 of title 41 applies generally to contracts made by an executive agency for "(1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction, alteration, repair, or maintenance of real property; or (4) the disposal of personal property." 41 U.S.C. § 7102(a).

action first accrues."  A claim accrues for purposes of section 2401(a) when the plaintiff knew or should have know that she had a claim.  Ute Distribution Corp. v. Sectretary of Interior of U.S., 584 F.3d 1275, 1283 (10th Cir. 2009).

The plaintiff alleges that since April 25, 2003, the defendant has "repeatedly denied" and "is currently denying" reimbursement of $40.00 per month for a "hearing aid compatible cell phone" in violation of its obligation to accommodate her disability as established in "the Cell Phone Payment Agreement" of April 25, 2003.  *Amended Complaint*, ¶ 6.  Thus, the plaintiff was aware, or should have been aware, of this claim when the defendant failed to reimburse her in 2003.  She initiated this action on April 22, 2013--almost four years after expiration of the limitation period in section 2401(a).

The Motion should be granted insofar as it seeks dismissal of the plaintiff's claim for breach of the Cell Phone Payment Agreement as time-barred.

### D.  Rehabilitation Act

The plaintiff alleges that the defendants violated the Rehabilitation Act.  *Amended Complaint*, ¶¶ 4, 5, 7, 8.  The defendants assert that the plaintiff's Rehabilitation Act claims must be dismissed because she fails to allege sufficient facts to state a plausible claim.  *Motion*, pp. 9-15.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).

8

Our circuit court has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath
> of conduct, much of it innocent, then the plaintiffs have not nudged
> their claims across the line from conceivable to plausible.  The
> allegations must be enough that, if assumed to be true, the plaintiff
> plausibly (not just speculatively) has a claim for relief.

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

The plaintiff does not provide any specific factual allegations to support her Rehabilitation Act claim; she provides only conclusory allegations of "harassment," "intimidation," "bullying," "disability discrimination," and "threats of violence."  She alleges that Anne Severn and Adam Sena "discriminat[ed] against a recognized disability" and "refus[ed] established accommodations," but she does not allege any specific facts to support those allegations.

The Motion should be granted insofar as it seeks dismissal of the plaintiff's claim(s) under the Rehabilitation Act.

### E.  Violation of the Representative Act

The defendant does not address the plaintiff's allegations regarding the Representative Agreement.  Therefore, I make no recommendation on that claim.

## IV.  CONCLUSION

I respectfully RECOMMEND[4] that Defendant's Motion to Dismiss for Lack of Subject

Matter Jurisdiction and for Failure to State a Claim [Doc. #56] be GRANTED IN PART and

DENIED IN PART as follows:

• DENIED insofar as it seeks dismissal of the plaintiff's claim for breach of the

Representative Agreement; and

• GRANTED in all other respects.

Dated April 23, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).