IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01054-CMA-BNB

LYNDA S. HICKEY,

Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for Summary Judgment** [Doc. #59, filed 02/19/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is proceeding *pro se* in this action. Therefore, I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff is employed as a United States Postal Service ("USPS") mail carrier. She has a hearing impairment. She filed her Amended Complaint for Injunctive and Declaratory Relief on December 11, 2013 [Doc. #51] (the "Amended Complaint").[1] She seeks "a summary judgment of the Plaintiff's evidence" and injunctive relief in the form of an order enjoining the defendant to enforce its policies and terminate certain employees.

---

[1] Despite its title, the Amended Complaint seeks monetary damages. *Amended Complaint*, p. 5.

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Under the Federal Rules of Civil Procedure "[a] party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed.R.Civ.P. 56(c). Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

The plaintiff attaches to the Motion a "position statement" which contains "[h]ighlights of Plaintiff's EEO complaint"; a list of witnesses the plaintiff "intends to call"; a list of discovery limitations and rules; and a request for a trial before a jury of twelve. The position statement is not sworn, and the plaintiff does not provide any other evidence to support judgment in her

favor. The Motion should be denied insofar as it seeks summary judgment in favor of the plaintiff.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and

(4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The plaintiff does not discuss any of the Lundgrin factors. Therefore, the Motion should be denied to the extent it seeks injunctive relief.

I respectfully RECOMMEND[2] that the plaintiff's Motion for Summary Judgment [Doc. #59] be DENIED.

Dated April 23, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).