IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01054-CMA-BNB

LYNDA S. HICKEY,

   Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General,

   Defendant.

ORDER ADOPTING IN PART AND REJECTING IN PART APRIL 23, 2014
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

   This matter is before the Court on two April 23, 2014 Recommendations by United States Magistrate Judge Boyd N. Boland. (Doc. # 64, 65.) Both Recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Both parties have filed objections to these Recommendations. (Doc. ## 68, 72.)

   As to Plaintiff's objections (Doc. # 72), as required by 28 U.S.C. § 636(b), the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and Plaintiff's Objection to the Report and Recommendation. Based on this *de novo* review, the Court concludes that the Magistrate Judge's Report and Recommendation is not called into question by Plaintiff's Objection.

The Court has also reviewed Defendant's objection (Doc. # 65), which relates only to Judge Boland's recommendation on Defendant's Motion to Dismiss. (Doc. # 56.) In essence, Defendant objects to Judge Boland's determination that Plaintiff raised a claim related to what has been termed a "Representative Agreement" apparently entered into between the parties on April 25, 2003. On Judge Boland's review of the complaint, Plaintiff raised such a claim but Defendant failed to address its viability in his motion to dismiss. (Doc. # 64 at 9.) Defendant argues in part that Plaintiff did not allege sufficient facts to maintain a claim related to this Representative Agreement, in light of the generally disorganized manner Plaintiff presented her Amended Complaint. (Doc. # 68 at 1-3.) Defendant made much of the same argument in the motion to dismiss, broadly alleging that only a complaint that states a plausible claim for relief survives a motion to dismiss under Rule 12(b)(6). (Doc. # 56 at 10 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

This Court has previously instructed Plaintiff to clearly present her allegations of violations of the law. For example, as this Court noted in a previous Order:

> [To clearly present her claims,] Plaintiff might use the following formula, with Plaintiff supplying the necessary laws and reasoning listed below between the brackets:
>
> Claim 1 – Violation of __[insert law]__ Plaintiff alleges that Defendant violated __[insert law]__ because he __[explain reasoning]__.

(Doc. # 48 at 4.)

Plaintiff has failed to follow the Court's instructions: the Amended Complaint she presented (Doc. # 51) is very difficult to read and alleges in a conclusory fashion a

2

number of plausible claims that are not identified or supported with any specificity—let along in an easy-to-follow framework such as the one suggested by this Court.

Further, Plaintiff should not get the benefit of prevailing on a claim merely through obfuscation—the only reason Defendant did not provide substantive argument related to the supposed Representative Agreement claim is because it is not apparent from the face of the amended complaint that Plaintiff was even relying on such a legal theory as a basis for liability. Indeed, there are so few facts related to this Agreement that this Court cannot even assess the government's alternative arguments that the claim, if alleged, be dismissed on the merits.

Because this Court adopts and affirms the Magistrate Judge's Recommendation as to all the other claims he rightly identified as raised in the Amended Complaint, Plaintiff's sole remaining possible claim relates to the April 25, 2003 Representative Agreement.

This Court will give Plaintiff one final chance to clearly articulate a claim related to this Agreement. If Plaintiff seeks to continue pursuing this claim, she must file an amended complaint within thirty days of this order, that is limited to her claim based on the April 25, 2003 Representative Agreement and which explains clearly what the agreement was, how it was violated, and the relief she requests for this alleged violation. Plaintiff should review this Court's prior order dismissing her original complaint (Doc. # 48) for guidance on what this Court expects in terms of operative pleadings. Only when the Court has a clear idea of what exactly Plaintiff is alleging can the Court evaluate the merits of such a claim.

Finally, the Court presumes that the parties can discuss these matters and Plaintiff's intentions with regard to further amending her complaint at the scheduling conference on June 12, 2014. This Court will leave it to the discretion of Magistrate Judge Boland as to whether it is useful to proceed with such a conference and affirms his decision denying the Defendant's motion to vacate. (Doc. # 75)

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 72) is OVERRULED, it is

FURTHER ORDERED that Defendant's objection to the Magistrate Judge's order vacating the scheduling conference (Doc. # 75) is OVERRULED and the Magistrate Judge's decision is AFFIRMED, it is

FURTHER ORDERED that Defendant's Objection (Doc. # 68) is SUSTAINED and the Magistrate Judge's Recommendation is REJECTED to the extent it declined to address Plaintiff's possible claim for a breach of the Representative Agreement.

Aside from the analysis related to the Representative Agreement, the Recommendations of United States Magistrate Judge Boyd N. Boland (Doc. ## 64, 65) are AFFIRMED and ADOPTED as Orders of this Court. Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. # 56) is GRANTED and this case is DISMISSED.

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. # 59) is DENIED.

Finally, as described above in this Order, it is FURTHER ORDERED that Plaintiff has 30 days from the entry of this order to file an amended complaint clearly alleging a legal claim related to the 2003 Representative Agreement.

DATED:  June 11, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge